**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KATRINA CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| WALMART INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, KATRINA CLARK, by and through her attorneys, THE LAW OFFICES OF McCREADY, GARCIA & LEET, P.C., and for her Complaint against the Defendant, WALMART, INC. states as follows:

## PARTIES

1. Plaintiff, Katrina Clark ("Plaintiff") was at all times relevant to this Complaint a citizen of Chicago, Cook County, Illinois.

2. Defendant, Walmart Inc., ("Defendant") is a Delaware Corporation with its principal place of business in Bentonville, Arkansas.

## JURISDICTION & VENUE

3. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. Jurisdiction of this Court is provided by 28 U.S.C. § 1332 due to the diversity of citizenship of the Plaintiff and Defendant and the amount in controversy exceeding $75,000.00.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because Plaintiff resides in the District, Defendant conduct business in the District, and all events giving rise to Plaintiff's claims occurred within this District.

**COUNT I – NEGLIGENCE**

6. On or about December 14, 2022, Plaintiff was lawfully on the premises of Defendant's property located at 4700 135th St., Chicago, Illinois as a business invitee.

7. At said time and place, Plaintiff slipped on an excessively slippery wet rug.

8. At all times relevant to this Complaint, Defendant Walmart Inc. owned, maintained, and/or operated the property at the above location.

9. At all relevant times, Plaintiff was exercising reasonable care for her safety and was free from contributory negligence.

10. At all relevant times, it was the duty of the Defendant, Walmart Inc., to maintain its premises in a reasonably safe condition.

11. Defendant, Walmart Inc., breached this duty was negligent in one or more of the following ways:

a. Caused the floor to have an unsafe liquid present, wet slippery rug posing an unsafe condition to invitees;

b. Allowed the floor in the walkway to remain in an unsafe condition when it knew or should have known that the liquid was present, which created a hazardous condition for all individuals lawfully in the area;

c. Failed to maintain the premises in a reasonably safe condition;

d. Failed to adequately inspect the premises to ensure that it was safe for the Plaintiff;

e. Failed to remove the liquid and wet rug from the floor to provide a safe place for business invitees;

f. Failed to barricade the liquid to prevent Plaintiff from walking through it;

g. Failed to properly instruct its employees and/or agents to remove the liquid from the floor of the premises; and

h. Was otherwise careless and/or negligent.

12. As a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions of Defendant Walmart Inc., Plaintiff suffered injuries of a personal, pecuniary, and permanent nature.

WHEREFORE, Plaintiff, Katrina Clark, prays for damages in an amount greater than $75,000.00 as she shall prove at trial plus costs and any other relief the Court deems just or equitable.

Respectfully submitted,
Katrina Clark

By: ______________________
Jess D. Jordan, Esq.
*Attorney for Plaintiff*

McCready, Garcia & Leet, P.C.
200 West Madison Street, Suite 2400
Chicago, IL 60606
t: (773) 779 – 9885
f: (773) 373 – 2375
service@mccreadylaw.com